UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHN CLOUGHER and DENNIS STEIN, individually and on behalf of all persons similarly situated,

    Plaintiffs,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

---

FILED
* OCT 10 2006
BROOKLYN OFFICE

Supreme Court of the State of New York
Kings County
Index No.: 24693/06

Civil Action No.: 06 5474

**NOTICE OF REMOVAL**

HURLEY, J.

LINDSAY, M.J.

**TO THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") hereby removes this action from the Supreme Court of New York, County of Kings ("Supreme Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, §4(a), 119 Stat. 9) and § 1441, and in accordance with § 1446; and, in support of removal, Home Depot states as follows:

    1.    Home Depot is the only named defendant in a civil action brought in the Supreme Court of New York, County of Kings, entitled "JOHN CLOUGHER and DENNIS STEIN, Plaintiffs, v. HOME DEPOT U.S.A., INC., Defendant," Index No. 24693/06.

    2.    This action was commenced on or about August 16, 2006 by Plaintiff John

Clougher, a resident and domicile of Kings County, New York, and Plaintiff Dennis Stein, a resident and domicile of Suffolk County, New York ("Clougher and Stein" or "Plaintiffs"), by their filing of a Complaint in the Supreme Court of New York, County of Kings.

3. By telephone conference on September 11, 2006, Home Depot's New Jersey counsel, Patrick G. Brady, Esq., informed Plaintiffs' counsel, Daniel R. Lapinski, Esq., that he was authorized to accept service on behalf of Home Depot. By First Class Mail dated September 12, 2006, Plaintiffs' counsel forwarded copies of the Complaint and Summons to Home Depot's New Jersey counsel, which were received on September 18, 2006. The Complaint, Summons and September 12, 2006 correspondence are attached hereto as Exhibits A, B and C, respectively. The Complaint and Summons constitute all of the process, pleadings and orders received by Defendant in this action.

4. Accordingly, this Notice of Removal is being filed within thirty (30) days of receipt of the Summons and Complaint through service upon Home Depot and is timely filed pursuant to 28 U.S.C. § 1446(b).

5. Venue of this action is properly laid in this District pursuant to 28 U.S.C. § 1441(a) because the Supreme Court is located within this District.

6. Defendant will file a Notice of Filing of Notice of Removal and a copy of this Notice of Removal with the Clerk, Supreme Court for Kings County, Supreme Court Building, 360 Adams Street, Brooklyn, New York, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit D.

7. Defendant will give written notice to opposing counsel via service thereon of the Notice of Filing of Notice of Removal and a copy of this Notice of Removal,

pursuant to 28 U.S.C. § 1446(d).

8. Plaintiffs bring this action against Home Depot alleging violations of the New York Labor Law, §§ 650, et seq., as well as New York common law claims under the legal theories of quantum meruit and unjust enrichment. Plaintiffs allege that they and other similarly situated current and former Merchandising Assistant Store Managers ("MASMs") of Home Depot were misclassified by the Defendant as "exempt" employees for purposes of the New York Labor Law. Plaintiffs further allege that, as a result of the alleged unlawful business practice of Defendant, they and others similarly situated were required to work a minimum of 55 hours per workweek without payment of premium overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 per workweek.

9. This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to 28 U.S.C. § 1441, on the following separate and independent grounds:

**Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332(a)**

10. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action may be removed by Home Depot pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action wherein: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

11. There is complete diversity of citizenship between the Plaintiffs and the Defendant in this action.

    a. In their Complaint, Plaintiff Clougher alleges he is a resident of the

3

City of Brooklyn, in the County of Kings in the State of New York. See Complaint at &6. Plaintiff Clougher's street address in Brooklyn, New York is unknown to Defendant. Plaintiff Stein alleges he is a resident of the City of East Islip, in the County of Suffolk, in the State of New York. See Complaint at &7. Upon information and belief, Plaintiff Stein's address is 34 Pacific Avenue, East Islip, New York 11730. By reasons of said residence and domicile, Plaintiffs are citizens of the State of New York.

    b. Home Depot is now, and was at the time this action was commenced, a citizen of states other than New York within the meaning of 28 U.S.C. § 1332(c)(1), because Home Depot is now, and was at the time this action commenced, a corporation incorporated under the laws of the State of Delaware with its principal place of business at 2455 Paces Ferry Road N.W., Atlanta, Georgia.

12.     The amount in controversy of either Plaintiff's claims alone exceeds $75,000.00, exclusive of interests and costs.

    a. In their Complaint, Plaintiffs seek substantial damages for unpaid premium overtime compensation, liquidated damages, and attorney's fees under the New York Labor Law and other laws. In addition, Plaintiffs seek injunctive relief, prejudgment interest, expert fees and costs.

    b. Based on Plaintiffs' salaries, the amount of alleged unpaid overtime Plaintiffs seek to recover for each workweek, and liquidated damages

4

and attorney's fees they seek under New York Labor Law, the amount in controversy for either Plaintiff's claims exceeds the sum or value of $75,000.00, exclusive of interests and costs.

**Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332(d)**

13. Alternatively, this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and this case may be removed by Home Depot pursuant to the provisions of 28 U.S.C. § 1441(a), because this is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the aggregate amount in controversy exceeds $5,000,000.00; and (3) there is diversity of citizenship between at least one class member and at least one defendant.

14. The proposed class members number in excess of 100. See Complaint at &12.

15. The aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.

    a. In their Complaint, Plaintiffs allege that Home Depot's alleged violation of the New York Labor Law saved Defendant "millions of dollars in employee compensation." See Complaint at &1.

    b. Based on a proposed class that exceeds 100 members, their average salary, the amount of alleged unpaid overtime compensation Plaintiffs seek to recover for each class member for each workweek, and the liquidated damages and attorney's fees they seek on behalf of the putative class under New York Labor Law, the aggregate amount in controversy in this action exceeds the sum or value of $5,000,000.00,

5

exclusive of interests and costs.

16. At least one plaintiff and one defendant are citizens of different states.

   a. Upon information and belief (in part based on the fact that each of the putative class members was employed by Home Depot in the State of New York), at the time this action was commenced, Plaintiffs and more than two-thirds of the proposed class members were citizens of the State of New York within the meaning of 28 U.S.C. § 1332(a). See Complaint &9 (alleging that the class should be defined, in part, as "current and former Home Depot employees, employed as MASMs in the State of New York").

   b. Home Depot is now, and was at the time this action was commenced, a citizen of states other than New York within the meaning of 28 U.S.C. § 1332(c)(1), because Home Depot is now, and was at the time this action commenced, a corporation incorporated under the laws of the State of Delaware with its principal place of business at 2455 Paces Ferry Road N.W., Atlanta, Georgia.

17. Therefore, this is a putative civil class action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, of which the United States District Courts have original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and/or where the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, of which the United States District Courts have original diversity jurisdiction pursuant to 28 U.S.C. § 1332(d), and thus, this civil action may be removed to this Court pursuant to

28 U.S.C. § 1441(a).

WHEREFORE, Defendant Home Depot U.S.A., Inc. prays that this action proceed in its entirety in this Court as an action properly removed thereto.

Dated: New York, New York
October 10, 2006

*/s/ Patrick G. Brady*
Patrick G. Brady, Esq. (PB 1114)
Brian J. Carey, Esq. (BC 8041)
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
Attorneys for Defendant
Home Depot U.S.A., Inc.
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490

and

R. Lawrence Ashe, Jr., Esq. (RA 0430)
*Application for Proc Hac Vice*
*Admissions to be filed*
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309-3232

TO: Olimpio Lee Squitieri, Esq.
Daniel R. Lapinski, Esq.
Squitieri & Fearon, LLP
32 East 57th Street
12th Floor
New York, New York 10022
(212) 421-6492

Neil H. Deutsch, Esq.
Kathleen Ryder, Esq.
Deutsch Atkins, P.C.
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
(201) 498-0900

Bennet D. Zurofsky, Esq.
Joseph S. Fine, Esq.
Reitman Parsonnet, P.C.
744 Broad Street
Newark, New Jersey 07102
(973) 622-8347

Attorneys for Plaintiffs