# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------ x    Index No.    24693/06

JOHN CLOUGHER and DENNIS STEIN, individually and          SUMMONS AND CLASS
on behalf of all persons similarly situated,              ACTION COMPLAINT

                       Plaintiffs,

        –against–                                 Plaintiffs designate Kings
                                                           County as the place of trial

HOME DEPOT U.S.A, INC.,                                    Venue is based on C.P.L.R. §
                                                           503(a)

                                                           Plaintiffs resides in Kings
                                                           County
                Defendant.
------------------------------------------ x

To the above named Defendant:

      **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons to serve a Notice of
Appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Date: August 16, 2006                          SQUITIERI & FEARON, LLP
                                               Attorneys for Plaintiffs


                                               _____
                                               Lee Squitieri
Defendants' addresses:                         32 East 57th Street
Home Depot U.S.A., Inc.                        New York, New York 10022
2455 Pace Ferry Road, N.W.                     (212) 421-6492
Atlanta, Georgia 30303

2006 AUG 16  PM 4:55
RECEIVED
'STER...

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
JOHN CLOUGHER and DENNIS STEIN,                    :
Individually and on behalf of all                  :        Index No.:  24693/06
Persons similarly situated,                        :
                                                   :
                        Plaintiffs,                :        CLASS ACTION COMPLAINT
                                                   :
        -against-                                  :
                                                   :        JURY TRIAL DEMANDED
HOME DEPOT U.S.A., INC.,                            :
                                                   :
                        Defendant.                 :
                                                   :
-------------------------------------------------------------X

        Plaintiffs, John Clougher and Dennis Stein, by their attorneys, as and for their complaint

against Defendant named herein, allege as follows upon information and belief:

### NATURE OF THE ACTION

        1.      Plaintiffs allege, on behalf of themselves and other similarly situated current and

former Merchandising Assistant Store Managers ("MASMs") of the Defendant, that under New

York labor laws they are entitled to be paid for all hours spent working and to receive overtime

pay for all hours worked over 40 hours per work week.  Plaintiffs allege that during the relevant

times described herein Defendant, Home Depot U.S.A., Inc. ("Home Depot") had a pattern and

practice carried out on a statewide basis of deliberately misclassifying Plaintiffs and other

members of the Class as "exempt" employees for the purpose of State overtime laws in order to

save millions of dollars in employee compensation by requiring Plaintiffs and members of the

Class to work in excess of 40 hours per work week without paying time-and-a-half for all hours

worked in excess of 40 hours.

2.      This action is brought as a class action pursuant to the New York Labor Law §§650, et seq. and the supporting New York State Department of Labor regulations. Through their class-wide claims, Plaintiffs seek injunctive relief, compensation and credit for all uncompensated work required, suffered, or permitted by Defendant, liquidated damages as permitted by applicable law, restitution and disgorgement of all benefits Defendant obtained from its unlawful business practices, and attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      Venue in this action properly lies in this district based upon CPLR §503(a), as Plaintiff, John Clougher, resides in this district.

4.      This Court has jurisdiction over Home Depot pursuant to subsections 1 and 2 of CPLR §302(a) because Defendant (i) transacts business within the state and/or contracts elsewhere to provide services within the state; and (ii) committed the violations complained of herein within the state.

5.      This suit is brought under the New York Law §§650 et seq. and other legal theories to recover damages and obtain equitable and other relief, including the costs of suit as well as reasonable attorney fees and expert fees, for the damages sustained by Plaintiff and the putative class as a result of Defendant's willful acts and omissions in violation of the New York Labor Law and other laws.

## THE PARTIES

6.      Plaintiff John Clougher is a former employee of Defendant Home Depot, who resides in Brooklyn, New York, County of Kings. Within the applicable period of limitations prior to the commencement of this action, Clougher was employed by Defendant in the position of MASM and was unlawfully deprived of wages due and owing to him by Defendant.

2

7.     Plaintiff Dennis Stein is a former employee of Defendant Home Depot, who resides in East Islip, New York, county of Suffolk. Within the applicable period of limitations prior to the commencement of this action, Stein employed by Defendant in the position of MASM and was unlawfully deprived of wages due and owing to him by Defendant.

8.     Defendant Home Depot is a Delaware corporation with its principal executive offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia. Home Depot is the world's largest home improvement retailer and second largest retailer in the United States. It owns and operates nearly 1,800 retail stores throughout the United States and over 90 stores in the State of New York.

## CLASS ACTION ALLEGATIONS

9.     Plaintiffs sue on their own behalf and on behalf of a class of persons consisting of current and former Home Depot employees, employed as MASMs in the State of New York, who were improperly classified as "exempt" employees and deprived of wages by Defendant's failure to pay time-and-a-half for all hours worked in excess of 40 hours per work week.

10.    The class period for Plaintiffs' claims begins at the earliest on August 25, 1998 and continues through the present and for so long as Defendant's illegal wage practices continue.

11.    Plaintiffs are members of the Class they seek to represent.

12.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, facts upon which the calculation of that number can be made are presently within the sole control of Defendant. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period Home Depot operated over 90 stores throughout the State of New York.

3

13.     There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

(a)     whether Plaintiffs and Class members are non-exempt employees of Home Depot;

(b)     whether Home Depot's policy and practice of classifying MASMs as exempt from overtime, and Defendant's policy and practice of failing to pay overtime to MASMs violates applicable New York Labor Law;

(c)     whether Defendant engaged in a continuing policy, pattern or practice of misclassifying MASMs as "exempt" employees, including Plaintiffs and prospective Class Members, to allow Home Depot to require MASMs to perform work in excess of 40-hours per week without compensating the MASMs at time-and-a-half for all hours worked beyond 40 hours; and

(d)     whether Home Depots' conduct is willful and purposeful.

14.     The claims of the representative parties are typical of the claims of the Class because Plaintiffs' claims encompass the challenged practices and course of conduct engaged in by Defendant as alleged herein and because Plaintiffs' legal claims arise out of the same course of conduct and are based on the same legal theories as the claims of the Class.

15.     The representative Plaintiffs will fairly and adequately protect the interests of the Class.

16.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit against the corporate defendant.

4

17.    The Defendant has acted or has refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## STATEMENT OF FACTS

18.    Plaintiffs were employed by Defendant as MASMs at various Home Depot stores in New York including the Home Depot stores located in East Meadow (Store No. 1201), Elmont (Store No. 1208) and Valley Stream (Store No. 1216).

19.    During the employment period, Plaintiffs and members of the Class were required to work at least 55-hours per week as a matter of Home Depot's stated policy and MASM job description. Despite being scheduled and required to work a minimum of 55-hours per work week, Plaintiffs and members of the Class were not compensated at time-and-a-half for hours in excess of 40 hours per work week.

20.    Plaintiffs and members of the Class were identified as "exempt" employees by Defendant for purposes of New York Labor Law and paid on a salary basis. However, Plaintiffs and members of the Class devoted minimal, if any, time to "exempt" duties. Plaintiffs' primary duties consisted of non-customer service related work known as "tasking," none of which involved the exercise of authority or management.

21.    Plaintiffs and members of the Class are not "exempt" employees under applicable law. Plaintiffs had no authority to hire or fire other employees within Home Depot. Nor did Plaintiffs have any input regarding store staffing. Plaintiffs' respective job responsibilities were devoid of any duties pertaining to the management of their respective Home Depot stores.

5

22.     Plaintiffs' non-managerial job responsibilities and workload overwhelmed any managerial or strategic duties and, accordingly, MASMs do not constitute an "exempt" class of Home Depot employees.

23.     The unlawful conduct by Defendant is not inadvertent, de mimimis, isolated or sporadic but widespread, repeated and part of a pattern and practice of conduct affecting all MASMs employed in the State of New York.

24.     Upon information and belief, other stores operated by Defendant in the State of New York imposed the same policies upon its MASMs.

### FIRST CLASS CLAIM FOR RELIEF
#### (Under New York Labor Law For Overtime Compensation)

25.     The Plaintiffs, on behalf of themselves and all prospective members of the Class, reallege and incorporate by reference each and every paragraph as if they were set forth again herein.

26.     At all relevant times, Plaintiffs and members of the Class were employed by Defendant within the meaning of New York Labor Law, §§2 and 651.

27.     Defendant willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per work week, in violation of New York Labor Law and its regulations.

28.     The Defendant's New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

29.     Due to Defendant's New York Labor Law violations Plaintiffs and the members of the Class are entitled to recover from Defendant their unpaid overtime compensation,

6

reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

### SECOND CLASS CLAIM FOR RELIEF
#### (Quantum Meruit)

30.     The Plaintiffs, on behalf of themselves and all prospective members of the Class, reallege and incorporate by reference each and every paragraph as if they were set forth again herein.

31.     Home Depot, at all times material to this Complaint, was aware that Plaintiffs were primarily performing non-managerial duties in excess of 40 hours per week, as Home Depot supervisors directed Plaintiffs to ensure that assigned work was done.

32.     The hours that Plaintiffs worked in excess of 40 hours per week were at the direction and behest of Home Depot and the benefits thereby conferred on Home Depot were accepted and appreciated by it.

33.     Home Depot is liable to Plaintiffs and the Class under quantum meruit for all work performed by Plaintiffs for Home Depot in excess of 40 hours.

### THIRD CLASS CLAIM FOR RELIEF
#### (Unjust Enrichment)

34.     The Plaintiffs, on behalf of themselves and all prospective members of the Class, reallege and incorporate by reference each and every paragraph as if they were set forth again herein.

35.     Plaintiffs and members of the Class have worked for and continue to work in excess of 40 hours per pay period without appropriate compensation from the Defendant. Such work constitutes a benefit conferred on Defendant by Plaintiffs and the Class.

36.     The benefit was and is appreciated by the Defendant.

7

37.     The benefit was accepted and is being accepted by the Defendant under such circumstances that it would be inequitable for it to be retained without payment.

38.     Accordingly, Defendant is liable to the Plaintiffs and the Class for wages for all hours worked above 40 hours per work week for which the Defendant has not paid the Plaintiffs and the Class time-and-a-half.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the Class, respectfully request that this Court grant the following relief:

A.     Certifying this action as a class action pursuant to Article 9 of the CPLR and appointing Plaintiffs and their counsel to represent the Class;

B.     Declare Defendant's conduct complained of herein to be in violation of the Plaintiffs' rights under New York Labor Law;

C.     Award Plaintiffs and the Class their unpaid compensation due under the laws of the State of New York;

D.     Award Plaintiffs prejudgment and postjudgment interest;

E.     Award Plaintiffs the costs of this action together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

8

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiffs demand trial by jury as to all issues in the above

matter.

Dated: August 16, 2006

SQUITIERI & FEARON, LLP

By: _____

Olimpio Lee Squitieri
Daniel R. Lapinski
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492

DEUTSCH ATKINS, P.C.
Neil H. Deutsch
Kathleen Ryder
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
Tel: 201-498-0900

REITMAN PARSONNET, P.C.
Bennet D. Zurofsky
Joseph S. Fine
744 Broad Street
Newark, New Jersey 07102
Tel: 973-622-8347

Attorneys for Plaintiffs

Index No.                                                    Year 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

JOHN CLOUGHER and DENNIS STEIN, individually and on behalf of all persons similarly
situated,

                                        Plaintiffs,

                    -against-

HOME DEPOT U.S.A., INC.,

                                        Defendant.

## CLASS ACTION COMPLAINT

SQUITIERI & FEARON, LLP
Attorneys for Plaintiffs
32 East 57th Street
12th Floor
New York, New York 10022
(212) 421-6492

To:

Attorneys for Defendant

Service of a copy of the within is hereby admitted.

Dated: August 16, 2006

# Exhibit C

# SQUITIERI & FEARON, LLP

**26 SOUTH MAPLE AVENUE**
**SUITE 202**
**MARLTON, NEW JERSEY 08053**
TEL: (856) 797-4611
FAX: (856) 797-4612
www.sfclasslaw.com

LEE SQUITIERI*
STEPHEN J. FEARON, JR.
DANIEL R. LAPINSKI*
MARIA J. CICCIA**
*ADMITTED TO N.Y. & N.J. BARS
**ADMITTED TO N.Y. & CT BARS

NEW YORK OFFICE
32 EAST 57TH STREET
12TH FLOOR
NEW YORK, NY 10022
TEL: 212-421-6492
FAX: 212-421-6553

September 12, 2006

<u>Via First Class Mail</u>:

Patrick G. Brady, Esq.
McElroy, Deutsch, Mulvaney &
Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079

    Re:    <u>Home Depot Overtime Litigation – State class actions</u>

Dear Mr. Brady:

Enclosed herewith please find the following complaints that have been filed against defendant, Home Depot USA, Inc.:

1. <u>Heffernan v. Home Depot U.S.A., Inc.</u>, Case No. 06-3500-BLS (Commonwealth of Massachusetts, County of Suffolk);

2. <u>Clougher, et al. v. Home Depot U.S.A., Inc.</u>, Index No. 06-24693 (Supreme Court of the State of New York, County of Kings); and

3. <u>Novak v. Home Depot U.S.A., Inc.</u>, Civil Action No. L-0366-06 (Superior Court of New Jersey, County of Warren).

As per our telephone conversation of September 11, 2006, service of the above referenced complaints shall be deemed completed upon your receipt of this correspondence.

Please contact me if you have questions regarding the enclosed.

Sincerely,

Daniel R. Lapinski

Enclosures

# SQUITIERI & FEARON, LLP

cc:     Olimpio Lee Squitieri, Esq. (w/o enclosures)

        Todd S. Heyman, Esq. (w/o enclosures)
        Shapiro Haber & Urmy, LLP
        53 State Street
        Boston, MA 02109

# Exhibit D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOHN CLOUGHER and DENNIS STEIN,
individually and on behalf of all persons
similarly situated,

       Plaintiffs,

v.

HOME DEPOT U.S.A., INC.,

       Defendant.

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF KINGS

INDEX NO.: 24693/06

**NOTICE OF FILING OF NOTICE OF**
**REMOVAL**

TO:    Olimpio Lee Squitieri, Esq.
       Daniel R. Lapinski, Esq.
       Squitieri & Fearon, LLP
       32 East 57th Street
       New York, New York 10022

       Neil H. Deutsch, Esq.
       Kathleen Ryder, Esq.
       Deutsch Atkins P.C.
       25 Main Street
       Court Plaza North
       Hackensack, New Jersey 07601

       Bennet D. Zurofsky, Esq.
       Joseph S. Fine, Esq.
       Reitman Parsonnet, P.C.
       744 Broad Street
       Newark, New Jersey 07102

       Attorneys for Plaintiff

       PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. has on

this day filed a Notice of Removal, a copy of which is attached hereto and made a part

hereof, in the Office of the Clerk of the United States District Court for the Eastern

2006 OCT 10  AM 2: 27
RECEIVED
KINGS COUNTY CLERK

District o `New York. Brooklyn, New York.

Dated: New York, New York
        October 10, 2006

Patrick G. Brady, Esq. (PB 1114)
Brian J. Carey, Esq. (BC 8041)
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
Attorneys for Defendant
Home Depot U.S.A., Inc.
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490

and

R. Lawrence Ashe, Jr., Esq. (RA 0430)
*Application for Proc Hac Vice*
*Admissions to be filed*
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309-3232