UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN CLOUGHER, DENNIS STEIN,
& COLLIN WERTS, individually and
on behalf of all persons similarly situated,   **MEMORANDUM & ORDER**
                                               06-cv-05474 (RRM)(ARL)
                        Plaintiffs,

    - against -

HOME DEPOT U.S.A., INC.,

                        Defendant.
----------------------------------------------------------X
MAUSKOPF, United States District Judge.

Plaintiff John Clougher brings this action against Defendant Home Depot U.S.A., Inc. ("Home Depot") seeking to recover overtime compensation under New York Labor Law. Home Depot now moves for summary judgment. For the reasons discussed in Section I, *infra*, Home Depot's motion to establish Clougher's overtime-exempt status as a *bona fide* executive is DENIED. For the reasons discussed in Section II, *infra*, Clougher's argument that, as a matter of law, he is not a salaried employee, and therefore not subject to the relevant *bona fide* executive inquiry, is equally unavailing. Finally, Home Depot's motion to dismiss Clougher's equitable claims is GRANTED.

## PROCEDURAL BACKGROUND

Plaintiffs Clougher, Dennis Stein, and Colin Werts, each of whom was employed by defendant Home Depot, a national home improvement retailer, as Merchandising Assistant Store Managers ("MASM(s)"), initially filed this matter as a putative class action in New York Supreme Court, Kings County. On October 10, 2006, Home Depot removed the action to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441

and 1446. Plaintiffs Werts and Stein were dismissed respectively on February 14, 2008 and June 17, 2008. Clougher, the remaining plaintiff, has not filed a motion seeking class certification and, for purposes of this Motion, the Court addresses his claims on an individual basis.

## FACTUAL BACKGROUND[1]

Home improvement retailer Home Depot sells products and services at store locations throughout the United States. Each Home Depot location employs up to 400 employees, each of whom is typically employed in one of a dozen separate and distinct departments. The employee structure of Home Depot locations typically consists of a single store manager, who serves as the highest ranking employee at that location, as well as several assistant store managers. The assistant management tier includes Clougher's MASM position, a position generally considered the second-ranking store employee. The store managers, and various assistant managers, including MASMs, currently are the only positions in each store classified as "executive" positions, exempt from state and federal overtime requirements.

Prior to his November 2005 termination, Clougher was an MASM at Home Depot's Valley Stream, New York location from 1999 to 2003 and at its Elmont, New York location for approximately six months in 2005.[2] It is not disputed that during his tenure as an MASM,

---

[1] The uncontroverted facts recited here and in the discussion below are set forth without citation to the record, but have been drawn from this Court's close examination of the following sources: the Declaration of Joshua B. Waxman, sworn Nov. 7, 2008, with appended exhibits (docket no. 53-2); the Declaration of Nicole Smith, sworn Nov. 5, 2008, with appended exhibits (docket no 53-3); Defendant Home Depot U.S.A., Inc.'s Statement of Material Facts in Support of Its Motion for Summary Judgment (docket no. 53-4); Plaintiffs' Counterstatement of Material Facts and Response to Home Depot U.S.A., Inc.'s Local Rule 56.1 Statement of Material Facts in Support of Its Motion for Summary Judgment (docket no. 50); the Declaration of Lee Squitieri in Opposition to Defendants' motion for Summary Judgment, sworn Dec. 15, 2008, with appended exhibits (docket no. 49); the Second Declaration of Joshua B. Waxman in Support of Defendant's Motion for Summary Judgment, sworn Jan. 7, 2009, with appended exhibits (docket no. 53-7); and the Declaration of Lee Squitieri in Support of Plaintiff's Motion for Extension of Time to Serve Amended Counterstatement of Material Facts and Amended Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, sworn Dec. 18, 2008, with appended exhibits (docket no. 52). Disputes of fact have been identified and noted by the Court.

[2] Although the plaintiff worked as a Night Operations Assistant Store Manager and an Operations Assistant Store Manager, he limited this action to cover only the time period in which he worked as an MASM.

Clougher earned an annual salary that ranged from $45,000 to $60,000 ($865.38 to $1,153.85 per week), nor that Clougher's MASM compensation also included stock option awards based on his individual performance, as well as incentive bonuses awarded on the basis of his stores' overall performance.

A published posting of the MASM position, which Clougher identified at his deposition, and which is appended to the summary judgment record, describes MASM duties, in relevant part, as follows:

> Sales Assistant Store Managers (ASMs)[3] are responsible for providing Customers with a convenient and enjoyable shopping experience. They work to create an inviting shopping environment for Customers by meeting their project needs quickly and fully. They work with the Store Manager to develop strategies and objectives to drive sales and profitability. They provide leadership to Associates so that these strategies and objectives are executed successfully. Sales ASMs must analyze trends, solve problems and develop themselves and their Associates in order to maximize contribution to store success. They must also be capable of working with Associates, the Store Manager and other ASMs to accomplish goals.

Notwithstanding Home Depot's MASM job description, Clougher denies that his actual day-to-day MASM responsibilities differed from that of nonexempt workers and specifically denies that his primary duties as an MASM were, in fact, managerial. Although Clougher admits that while he did from time to time exercise managerial responsibility, he did so largely pursuant to the dictates of immutable corporate policy or at the behest of the Store Manager to whom he reported. Clougher insists that, more often, the majority of his day-to-day tasks were comprised of stocking shelves, unloading trucks, manning cash registers, sweeping floors, assisting customers in the aisles, and generally working "in the trenches" alongside and performing the exact same duties as non-salaried, hourly-wage employees.

---

[3] There appears to be no dispute that the Sales Assistant Store Manager position referred to above is synonymous with Clougher's MASM position.

In sum, Clougher alleges that Home Depot honored MASMs' managerial role more in the breach than in the observance; that his salaried position was rendered meaningless by minimum (but usually far greater than) 55-hour workweeks; and that Home Depot pressed its "exempt" salaried employees to primarily perform nonexempt, hourly-worker tasks in order to avoid paying expensive overtime wages to its nonexempt employees. Thus, although neither side submits timesheets or other records of hours and tasks performed, Clougher estimates that he spent no more than 20% of his time on managerial functions, and that management was certainly not his principal duty.

## SUMMARY JUDGMENT

Summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material "if it might affect the outcome of the suit under the governing law." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001). An issue of fact is genuine only if a jury could reasonably find in favor of the nonmoving party based on that fact. *Id.* The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The trial court is required to construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor. *Id.* at 252; *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

## DISCUSSION

By summary judgment, Home Depot attempts to navigate the safe-harbor of New York's executive exemption as an affirmative defense to overtime-wage liability. *See* N.Y. Labor Law § 651(5)(c). In light of the anemic factual record, however, and for the reasons set forth below, Home Depot has not met its strict burden of establishing Clougher's *bona fide* executive status as a matter of law.[4] However, this Court is sufficiently persuaded that Clougher *is* a salaried employee; and that, as such, the relevant tests established by federal and state overtime-wage regulations and jurisprudence shall ultimately provide the exclusive and appropriate vehicles for resolving the executive exemption question upon a more fully developed factual record. Accordingly, Clougher's merely duplicative common law causes of action are dismissed.

### I.

Both New York and federal wage law require employees working more than forty hours per week to be compensated for overtime work at a rate of one-and-a-half times their standard rate, 29 U.S.C. § 207(a)(1); N.Y. Labor Law §§ 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (expressly adopting the provisions and exemptions of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*), see also, *Kahn v. Superior Chicken & Ribs, Inc.*, 331 F. Supp. 2d 115, 117 (E.D.N.Y. 2004), but both provide statutory exemptions for employees

---

[4] In the context of overtime wage claims, as here, application of the "executive exemption" is an affirmative defense, which any defendant employer bears the burden of proving by a preponderance of the evidence. *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F. 3d 217, 222 (2d Cir. 2002); *see also Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859, 2008 WL 4702840, at *8 (S.D.N.Y. Oct. 23, 2008); *Marshall v. Burger King Corp.*, 504 F. Supp. 404, 407 (E.D.N.Y. 1980). Moreover, because both federal and New York overtime wage laws are remedial in nature, their relevant exemptions are construed narrowly against the employer. *See Kahn v. Superior Chicken & Ribs, Inc.*, 331 F. Supp. 2d 115, 117 (E.D.N.Y. 2004).

properly classified as "*bona fide* executives," see 29 U.S.C. § 213(a)(1); N.Y. Labor Law § 651(5)(c).[5]

Pursuant to amended federal wage regulations,[6] application of the exemption requires compensation on a salaried, rather than an hourly-wage, basis (see, 29 C.F.R. §541.100(a)(1)); a factor sufficiently established in Clougher's case, as discussed more fully in Section II, *infra*. Next, the employer must establish that the salaried employee's duties necessarily include (a) directing the work of two or more employees (see, 29 C.F.R. § 541.100(a)(3)), and (b) having the authority to hire/fire or make personnel recommendations (see, 29 C.F.R. § 541.100(a)(4)). The satisfaction of these factors is not in dispute. The true sticking point to *bona fide* executive determination in this case, as in most, lies in the requirement that (c) management constitute the employee's *primary duty*. 29 C.F.R. § 541.100(a)(2). Although "primary duty" is an undefined term, the Code of Federal Regulations identifies the following considerations: (1) the relative importance of an employee's exempt duties as compared with other types of duties; (2) the amount of time the employee spends performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employee's salary and the

---

[5] Because New York's overtime provisions mirror and/or expressly adopt federal wage law (see, e.g., N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2) federal courts evaluate New York's executive exemption by reference to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, and its attendant regulations, set forth in the Code of Federal Regulations. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 78 (2d Cir. 2003); *see, e.g., Kahn*, 331 F. Supp. 2d at 117; *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2008 WL 4054417, at **3 n.4 (S.D.N.Y. Aug. 28, 2008). This Court does so here.

[6] Two sets of regulations are pertinent to this case: those in effect before August 23, 2004 (the "pre-2004 regulations" or "old regulations"), and those that went into effect on August 23, 2004 (the "post-2004 regulations" or "current regulations"). Under the so-called "short test" of the old regulations, an employee who was paid a salary of at least $250 per week (as was Clougher) qualified as an executive if his primary job duties (1) consisted of the management of the enterprise and (2) included the customary and regular direction of the work of two or more other employees. 29 C.F.R. 541.1(f) (pre-2004). In 2004, the United States Secretary of Labor revised the short test criteria, as set forth above. *See* 29 C.F.R. 541.700.

In applying the proper legal framework, the Court relies on *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 908-09 (E.D. La. 2009) (discussing the 2004 amendments) – a thorough and well-reasoned executive exemption analysis by the estimable Sarah S. Vance, Chief Judge of the Eastern District of Louisiana – for its thorough explication of the analytical changes brought about by the 2004 amendments to the Regulations

wages paid to other employees for the kind of nonexempt work performed by the employee. 29 C.F.R. § 541.700(a); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 912 (E.D. La. 2009).

Consideration of these factors is a highly fact-intensive inquiry, "to be made on a case-by-case basis in light of the totality of the circumstances." *Big Lots*, 604 F. Supp. 2d at 908; *see also Khan*, 331 F. Supp. 2d at 118. In so doing, courts often rely upon a developed trial record – a record that is all-together lacking in this case. *See, e.g., Donovan v. Burger King Corp.*, 675 F.2d 516 (2nd Cir. 1982), *aff'g Marshall v. Burger King Corp.*, 504 F. Supp. 404 (E.D.N.Y. 1980) (evaluating overtime claims of assistant store managers upon substantial trial testimony before the district court); *see also Donovan v. Burger King Corp.*, 672 F.2d 221, 223 (1st Cir. 1982) (vacating and remanding in part the district court's trial findings); *Big Lots*, 604 F. Supp. 2d at 907 (relying upon 43 hours of trial testimony concerning Big Lots's operations, and additional trial testimony concerning the daily activities of the individual assistant manager plaintiffs, including testimony from up to seven witnesses per case). While this Court need not prescribe the type or quantity of evidence necessary to evaluate the wage claim at issue, it is apparent that some degree of factual inquiry is required in order to obtain a more complete picture of the daily MASM duties at Home Depot's Valley Stream and Elmont locations during the relevant timeframe.

Here, far from a comprehensive record of Clougher's managerial activity, Home Depot cobbles together bits and pieces of Clougher's four-and-a-half year MASM employment history from his deposition in this case, as well as a 2001 deposition given in an unrelated matter. Home Depot puts forth no affidavits or deposition testimony from Clougher's supervisors, either at Valley Stream or Elmont; nor is there any evidence from any other assistant store manager or

MASM at either location; nor even from any of the hundreds of hourly-wage employees that no doubt worked at those locations between 1999 and 2005. *Cf. Big Lots*, 604 F. Supp. 2d at 907 (relying upon testimony from up to seven witnesses per case, including supervisors, assistant supervisors and subordinate co-workers). In sum, Home Depot fails to put forth any corroborating evidence from any relevant and available witness other than Clougher. The material disputes of fact resulting from the undeveloped summary judgment record become manifest in even the most cursory "primary duty" analysis, as illustrated briefly below.

A. **The relative import of Clougher's MASM duties**

To support application of the executive exemption on summary judgment, Home Depot argues that MASM's managerial oversight is vitally important to the local and national success of its business. *See Burger King Corp.*, 675 F.2d at 522 (holding that the demonstrated importance of plaintiffs' managerial role to operational success is sufficient, as a matter of law, to warrant application of the executive exemption defense). Specifically, Home Depot contends that neither Valley Stream nor Elmont could have operated efficiently, profitably or safely had Clougher not performed essential management functions, including opening and closing those store locations; hiring, training, and directing employees; ensuring adequate staffing; tracking and analyzing sales volume; responding to emergencies as the manager of the day; managing and ordering store inventory; enforcing safety standards; evaluating associates; and disciplining associates. But, Clougher, himself, denies regularly performing such tasks, claiming that such action, if taken, was rare or performed in strict accordance with nondiscretionary corporate policy or at his supervisor's behest. *Cf. id.* (relying upon demonstrable evidence that for the "great bulk" of their work days, plaintiffs were "solely in charge of their restaurants" ); *see also Big Lots*, 604 F. Supp. 2d at 915-16 (distinguishing the *Burger King* cases in both the First

Circuit, 672 F.2d at 227, and the Second Circuit, 675 F.2d at 522, based upon a quantitative comparison of hours per week in which plaintiff acted as *sole* manager as a percentage of his overall job responsibility).

This obvious dispute of fact precludes proper analysis, as resolution of the dispute necessarily results in disparate outcomes. In *Big Lots*, for example, the Court rejected an executive exemption defense, even where, as here, plaintiffs on occasion served as sole managers-in-charge, were responsible for opening and closing the business, or performed other so-called essential management tasks, including disciplining employees. *Big Lots*, 604 F. Supp. 2d at 914. In so doing, the Court considered the actual hours each plaintiff spent performing such tasks; the motivations for their doing so; and whether or not hourly-wage workers were charged with the same or similar responsibilities. With benefit of a fully-developed record, Judge Vance found that plaintiffs' respective managerial duties, to the extent they were performed, were inadequately discretionary or too infrequent to suggest managerial import. The Court further concluded that the redundant ability of even hourly-wage supervisors to perform so-called essential management tasks meant that plaintiffs' absence would prove no great impediment to the continued success of Big Lots's operations. *See id.* at 916-17. Indeed, the Court found that plaintiffs' true *import* to the enterprise's success lay not in their managerial oversight, but in the substantial savings accrued in assigning costly overtime work to overtime-exempt employees. *See id.* at 917. The factual record in this case raises identical claims and defenses, is hotly disputed, and cannot be resolved without further fact-finding.

## B. The amount of time spent performing exempt work

As indicated above, the quantitative analysis necessary to properly weigh exempt work against nonexempt work is lacking. Citing Clougher's various admissions to having performed

managerial tasks, Home Depot would have this Court infer that management occupied more than fifty percent of his time. Clougher, however, submits a sworn declaration objecting to Home Depot's alleged mischaracterization of his testimony, and purporting to provide a fuller factual context from which this Court is to understand that his managerial role occupied no more than twenty percent of his time.[7]

Attempting to dispel the resultant factual dispute, Home Depot notes correctly that even if Clougher spent more than half his day performing non-managerial work – a favorable inference to which he is entitled on summary judgment – that fact alone does not preclude a finding that management was, nonetheless, his *primary* duty. *See Burger King Corp.*, 675 F.2d at 521 (recognizing that significant time spent performing nonexempt work is not dispositive); *see also* 29 C.F.R. § 541.106, 541.700 (establishing that properly classified *bona fide* executives may perform substantial nonexempt tasks). However, no circuit court has found management to be an employee's primary duty where managerial tasks are performed merely 20 percent of the time, as alleged here. *See Big Lots*, 604 F. Supp. 2d at 912-13 ("In most cases, an employee has management as his primary duty if he spends over 50% of his time performing exempt work. No circuit courts have found management was a primary duty when the employee spent 80 to 90% of his time performing nonexempt tasks.") (citations omitted). Absent objective evidence, a more complete examination of the facts and circumstances surrounding Clougher's daily responsibilities, and credibility determinations, this Court cannot resolve this question.

---

[7] As an initial matter, Home Depot objects to Clougher's declaration as nakedly self-serving. But, this Court finds nothing in Clougher's Declaration that is patently inconsistent with his prior testimony, nor so incredible as to render it a sham instrument.

C. **Freedom from direct supervision and exercise of discretionary authority**[8]

Both freedom from supervision and the exercise of discretionary authority contemplate decisions of the kind and quality normally made by persons formulating policy within their spheres of responsibility, or who participate in this process, or who exercise authority to commit the employer in a substantial respect, financial, or otherwise. *See Cooke v. Gen. Dynamics Corp.*, 993 F. Supp. 56, 65 (D. Conn. 1997). For reasons previously discussed, the evidence in the record leaves a question of fact as to whether Clougher routinely made decisions sufficient to affect Home Depot's policies or to otherwise bind the business in any meaningful way.

D. **Relationship between the employee's salary and the wages paid to nonexempt employees performing similar work**

   *1) Salary difference between exempt and nonexempt employees*

Here, even the seemingly objective issue of compensation is not without factual wrinkles. Ostensibly, Clougher's compensation at its highest rate – approximately $5,000 per month – was forty-two percent more than that of the highest paid, nonexempt department supervisor (approximately $3,530 per month). This compensation was further supplemented by earned stock options and MASM bonuses not available to his hourly-wage comparators. On that basis alone, Home Depot seeks application of the executive exemption. *See Kaster v. Sam's Wholesale Club*, 131 F. Supp. 2d 862 (N.D. Tex. 2001) (holding demonstrable evidence of significant pay disparity sufficient to support application of executive exemption). Although a close issue, on this record Home Depot fails to meet the summary judgment standard.

---

[8] Unlike New York's wage regulations (12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(c)(4)(i)(d)) and prior federal regulations (29 C.F.R. 541.103), the 2004 amendments to the FLSA's regulations (see, 29 C.F.R. 451.700(a)) no longer identify discretion in decision-making as a distinct consideration, as such element is often considered "part and parcel" of whether an employee enjoys freedom from direct supervision. *See Big Lots*, 604 F. Supp. 2d at 917.

First, Home Depot's argument ignores the fact that disparate compensation, even where it includes performance bonuses, stock options, and other tokens of executive employment, has never been held strictly dispositive. *See e.g., Big Lots*, 604 F. Supp. 2d at 904 (bonuses paid only to exempt workers not strictly dispositive); *Pendlebury v. Starbucks Coffee Co.*, 2008 U.S. Dist. LEXIS 20086 (S.D. Fla. Mar. 12, 2008) (summary judgment was denied even though plaintiff managers received bonuses, whereas their subordinates did not, because there remained "lingering questions of fact" as to the other components of the test to determine an employee's primary duty). Readily acknowledging that *bona fide* executives often receive compensation commensurate with greater corporate responsibility, the relevant inquiry in this case nonetheless remains upon the degree and depth of that responsibility, not upon mere dollar figures.

Second, there is nothing in the record to render Clougher's counter-argument implausible; namely, that his hourly pay rate, where properly calculated, is substantially less than comparable hourly-wage supervisors -- at least when accounting for: (a) Home Depot's mandatory 55-hour MASMs workweeks, and (b) Clougher's allegation that his typical workweeks greatly exceeded that requirement. If true, Clougher inches closer to demonstrating a calculated economic decision to misuse MASMs. Given the potential import of an hourly-wage analysis, this Court is compelled to reject Home Depot's all too pat concern for the burdens of engaging in such "mathematical gymnastics." *Compare Moore v. Tractor Supply Co.*, 352 F. Supp. 2d 1268, 1279 (S.D. Fla. 2004) (declining to reduce salary to hourly rate), *with Big Lots*, 604 F. Supp. 2d at 918 (finding hourly rate analysis both relevant and appropriate to proper executive exemption determination) (citing *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 508-09 (6th Cir. 2007) (same) and *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1257-58 (11th Cir. 2008) (same)).

*2) Similarity of work performed by nonexempt employees*

Finally, the alleged overlap between MASM duties and those of nonexempt department supervisors is sufficient to further preclude summary judgment. Clougher alleges that Home Depot's hourly-wage supervisors are traditionally tasked with significant operational responsibility, including, among other things, balancing the department workforce to ensure proper customer coverage; maintaining safe work areas; maintaining their knowledge of retail inventory; interacting with higher-management to increase departmental profitability; and addressing customer concerns. If true, this consideration has substantial overlap with, and effect upon, the factors already discussed above. For example, the ubiquity of managerial control tends to lessen the importance of Clougher's individual role to store performance. Moreover, such overlap would create an economic incentive for Home Depot to substitute overtime exempt MASMs in order to reduce its overtime payroll for nonexempt work. That action would, in turn, necessarily increase (a) MASMs actual work hours per week, and (b) the overall proportion of time spent in performing non-managerial tasks, the second factor discussed above. If true, these realities would conceivably result in lowering an MASMs average hourly rate of pay.

Finally, overlap between MASMs and other employees has the added effect, in this case, of blunting otherwise appropriate inferences of managerial performance that might otherwise arise from Clougher's obvious operational expertise. Simply put, although Clougher's own testimony demonstrates significant managerial know-how, it is at least plausible that such know-how is, at least partly, derived from his non-MASM experience with the Company; e.g., his prior managerial stints as a Night Operations Assistant Store Manager, an Operations Assistant Store Manager,[9] and as an hourly-wage supervisor[10] — all positions Clougher claims were effectively

---

[9] Both are management positions different from his MASM role, during which he does not claim to have principally performed nonexempt work.

interchangeable with the MASM role. Accordingly, the alleged overlap between Clougher's various other managerial and non-managerial roles, rather than his MASM experience, may account for Clougher's managerial eye. For these reasons, factual questions predominate and summary judgment is denied.

## II.

The Court now briefly considers certain of Clougher's contentions, which are properly disposed of on summary judgment.

First, Clougher erroneously claims that Home Depot's 55-hour per week policy for MASMs rendered his salary improperly contingent upon the satisfaction of hourly targets. On that basis alone, he seeks to be classified as a nonexempt, hourly-wage worker. That argument, however, is unavailing. 29 C.F.R. § 541.602 states, in relevant part, that an exempt employee is paid on a salaried basis where he regularly receives each pay period a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Moreover, such salaried employees must receive their full salary for any week in which work is performed without regard to the number of days or hours worked. Notwithstanding the prohibitions against salary deductions, however, the mere fact that Home Depot required even its salaried employees to work no less than 55-hours per week or face discipline, including termination, does not suggest that Clougher's compensation was hours-based, and does not undermine his proper classification as a salaried employee. *See Novak v. Home Depot U.S.A, Inc.*, No. Civ. 06-4841, 2009 WL

---

[10] Accordingly, the fact that Clougher has developed substantial operational awareness of Home Depot's business does not necessarily preclude the fact that as an MASM he principally performed non-managerial duties. Here, that operational knowledge is allegedly shared by a host of exempt and nonexempt employees alike is at the core of Clougher's claim, namely that the degree of overlap between salaried MASMs and nonexempt workers (hourly-wage department supervisors for example), render those positions virtually interchangeable and that Home Depot uses this fact, at least at Valley Stream and Elmont, to manipulate work schedules and to replace hourly-wage workers with MASMs in order to get the same employee production without incurring overtime expense.

14

2634588, at *8 (D.N.J. Aug. 27, 2009); D.O.L. Op. Ltr. FLSA 2005-5 (Jan. 7, 2005) (Secretary of Labor determination that where conditions necessary to establish salaried employee status are otherwise met, a discipline policy that imposes discipline up to and including discharge for repeated failure to meet a minimum-hours requirements is permissible and does not trigger loss of a qualifying employee's exempt status, so long as discipline imposed does not involve the reduction of wages). [11] Accordingly, this Court finds that Clougher is properly classified as a salaried worker, as that term is defined by New York law. [12] As such, the considerations discussed in Section I, *supra*, for evaluating overtime claims of salaried employees, are applicable.

Second, this Court dismisses Clougher's equitable claims for *quantum meruit* and unjust enrichment as duplicative of his statutory claim. As his New York Labor Law claim provides an adequate legal remedy for the conduct alleged, his equitable claims are hereby dismissed. *See Bongat v. Fairview Nursing Care Center, Inc.*, 341 F. Supp. 2d 181, 188-89 (E.D.N.Y. 2004) (dismissing *quantum meruit* and unjust enrichment claims in favor of statutory overtime-wage law claims arising from the same nexus of operative fact).

## CONCLUSION

For the reasons discussed in Section I, Home Depot's motion seeking summary judgment as to Clougher's *bona fide* executive status is DENIED as premature. For the reasons discussed

---

[11] This conclusion was equally reached in *Novak v. Home Depot U.S.A, Inc.*, a parallel action currently underway in the District of New Jersey. *See Novak*, 2009 WL 2634588, at *8. This Court, concurring with Judge Sheridan's analysis in *Novak*, finds no basis for departing from or creating an inconsistent holding regarding the identical issue. Thus, this Court hereby adopts the *Novak* decision in relevant part. *Id.*; *see also Morales v. Zondo, Inc.*, No. 00 Civ. 3494 AGS, 2001 WL 64745, at *4 (S.D.N.Y. Jan. 25, 2001) (stating: the "mere fact that an employee is salaried does not mean that the employer may not expect the employee to work at least 40 hours per week.").

[12] In New York, the minimum salary basis required to qualify as an overtime-exempt employee is $386.25 per week for worked performed after March 31, 2000; and $450 per week, for work performed after January 1, 2005. *See* 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(c)(4)(i)(e).

15

in Section II, Clougher's Opposition argument, seeking to establish as a matter of law that he is not a salaried employee, and therefore not subject to the relevant *bona fide* executive test, is DENIED. Finally, Home Depot's motion to dismiss Clougher's equitable claims is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
March 11, 2009

ROSLYNN R. MAUSKOPF
United States District Judge