Joshua B. Waxman (JW 6806)
Joel M. Cohn (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLC
1333 New Hampshire Ave, N.W.
Washington, DC  20036
(202) 887-4000 (telephone)
(202) 887-4288 (fax)

Attorneys for defendant HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JOHN CLOUGHER, DENNIS STEIN, &                CONSOLIDATED CIVIL ACTION
COLIN WERTS, individually and                 NO. 06 5474 (RRM)(ARL)
on behalf of all persons similarly situated,

                          Plaintiffs,

        -against-


HOME DEPOT U.S.A., INC.

                          Defendant
-------------------------------------------------------------------x


DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION
OF THE COURT'S MARCH 12, 2010 ORDER

I.      INTRODUCTION

In its motion for reconsideration of the March 12, 2010 Order denying defendant's motion for summary judgment, Home Depot demonstrated that the Court misapplied the applicable law in material respects. (Def. Br. at 5-12.) Rather than dispute these errors, plaintiff seems to claim that they are harmless. (Pl. Opp. at 2.) However, once the correct legal standard is applied to plaintiff's admissions concerning his work duties, it is clear that defendant has met its burden of proving plaintiff's exempt status, making reconsideration appropriate here. (Def. Br. at 12-18.)

Plaintiff also fails to address the direct contradictions between his deposition testimony and the declaration that he subsequently submitted to defeat summary judgment, other than to admit that there are "minor discrepancies" between the two. (Pl. Opp. at 10.) However, the contradictions are patent, and not "minor." Since Second Circuit law mandates that declaration statements contradicting deposition testimony should be stricken, the Court should reconsider its decision and grant Home Depot's motion for summary judgment in full.

II.     PLAINTIFF ADMITS THAT THE STATEMENT OF LAW FROM *BIG LOTS* RELIED UPON BY THE COURT WAS INCORRECT

Plaintiff inexplicably maintains that "[n]one of the errors of law" raised in Home Depot's motion for reconsideration "can be found in the Order," and argues that Home Depot has failed to meet the standard for a motion for reconsideration. (Pl. Opp. at 2, 3-4.) Yet, plaintiff admits that Home Depot has correctly identified an error in law in the Court's Order when he concedes that the district court in *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903 (E.D. La. 2009), "was wrong" when it "erroneously stated" that "'[n]o circuit courts have found management was a primary duty when the employee spent 80 to 90% of his time performing nonexempt tasks.'" (Pl. Opp. at 5.) As a result, Home Depot has met the standard for a motion for reconsideration.

Second Circuit law is clear that "reconsideration is appropriate where a court misinterprets or misapplies relevant case law in its original decision." *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009), citing *O'Brien v. Bd. of Educ.,* 127 F. Supp. 2d 342, 346 (E.D.N.Y. 2001).

In addressing the *Big Lots* citation, plaintiff incorrectly claims that the Court "does not rely on this assertion for its holding." (Pl. Opp. at 6.) The Court relied upon this assertion in rejecting Home Depot's argument that Clougher was properly classified even if he "spent more than half his day performing non-managerial work." (Mar. 12, 2010 Order ("Order") at 10.) In particular, the Court stated, in direct reliance on *Big Lots*, "[h]owever, no circuit court has found management to be an employee's primary duty where managerial tasks are performed merely 20 percent of the time, as alleged here." *Id*. Based on this incorrect statement of law, coupled with Clougher's declaration statement that he spent no more than 20 percent of his time performing managerial tasks, the Court found that Home Depot would not be able to establish that there was no material disputed fact whether Clougher's primary duty was management.[1] *Id.*

---

[1] Plaintiff argues that the Court should not reconsider its decision and reanalyze the primary duty test because it stated the issue could not be decided without additional "objective evidence" about Clougher's daily activities so that it could resolve the credibility dispute concerning the amount of time he spent performing non-exempt tasks. (Pl. Opp. at 6.) However, as discussed below, his declaration statement that he spent 20 percent of his time on exempt tasks is directly contradicted by earlier admissions in his deposition, and thus that statement should have been disregarded. *See Mack v. United States*, 814 F.2d 120, 124 (2d Cir. 1987). Further, plaintiff's admissions that, even when performing non-exempt work, he was constantly multi-tasking by also performing managerial duties were ignored by the Court. Both federal and New York law permit exempt employees to perform exempt and non-exempt work concurrently without losing the executive exemption. *See* 29 C.F.R. § 541.106. Thus, if plaintiff's declaration statement is stricken or his multi-tasking admissions are credited, and the correct legal standard is applied, there will be no need for any credibility determinations, since plaintiff's deposition admissions unquestionably establish that his primary duty was management.

Plaintiff contends that the Court does not rely on the error from *Big Lots* for its holding because "[t]he proper question here" (which plaintiff alleges the Court has already answered in the negative) is whether Home Depot could establish that plaintiff spent more than 50% of his time performing exempt work. (Pl. Opp. at 6.) However, as the decisions cited by defendant in its opening brief make clear, courts have routinely found management to be an employee's primary duty even where the employee spent considerably less than 50 percent of his time performing exempt work. *See Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1113-14 (9th Cir. 2001); *Auer v. Robbins*, 65 F.3d 702, 716 (8th Cir. 1995); *Jones v. Virginia Oil Co.*, 69 F. App'x 633, 637, 2003 WL 21699882, at *4 (4th Cir. 2003); *Moore v. Tractor Supply Co.,* 352 F. Supp. 2d 1268, 1273-74, 1279 (S.D. Fla. 2004), *aff'd*, 140 F. App'x 168, 2005 WL 1625237, at *1 (11th Cir. 2005). The reliance on *Big Lots* apparently led the Court to overlook this appellate authority.

Plaintiff also ignores that he repeatedly admitted in his deposition that he was constantly multi-tasking by concurrently performing management work, even while performing non-exempt tasks. (Def. Mem. at 13-14.) In particular, he testified that, even when working alongside non-exempt employees, he "was always the manager" and never was not performing his managerial responsibilities. (Clougher dep. at 98-99.)[2] Plaintiff also testified that "[w]henever you were in the building, you were manager." (Clougher dep. at 119, 152)

Thus, even if plaintiff's declaration statement that he performed managerial tasks only 20 percent of the time is credited, his repeated admissions that he was always acting as the manager even when performing non-exempt work establish that his primary duty was management. The

---

[2]  Relevant portions of plaintiff's deposition ("Clougher dep.") may be found as attachments to the Declarations of Joshua Waxman (docket nos. 53-3 (ex. 5) & 53-8 (ex. A)).

3

Second Circuit has held that employees who concurrently manage while performing non-exempt tasks have management as their primary duty. *See Donovan v. Burger King Corp.*, 675 F.2d 516, 521 (2d Cir. 1982) (primary duty of assistant managers was management in part because "much of the oversight of the operation can be carried out simultaneously with the performance of non-exempt work"); 29 C.F.R. § 541.106(b) ("An assistant manager can supervise employees and serve customers at the same time without losing the exemption. An exempt employee can also simultaneously direct the work of other employees and stock shelves."). Thus, the Court should reconsider its decision and find that plaintiff's primary duty was management.

III.   THE COURT RELIED ON AN INCORRECT LEGAL STANDARD WHEN EXAMINING WHETHER PLAINTIFF EXERCISED FREEDOM FROM SUPERVISION AND DISCRETIONARY AUTHORITY

The Court also relied on an incorrect statement of law from *Cooke v. Gen. Dynamics Corp*, 993 F. Supp. 56 (D. Conn. 1997) as to what constitutes freedom from supervision under the executive exemption, rather than the standard established by the Second Circuit in *Burger King*, 675 F.2d at 521. The standard is not whether Clougher routinely made decisions that affected policies or committed the company in a substantial respect, as *Cooke* stated (993 F. Supp. at 65). Rather, the standard is much lower, *see Burger King*, 675 F.2d at 521, and it is easily met by Clougher's deposition and declaration admissions. Def. Br. at 8.

Faced with the undeniable fact that the wrong legal standard was applied here in deciding summary judgment, plaintiff inaccurately contends that the Court "did not rely solely on *Cooke*." (Pl. Opp. at 6.) However, no other authority is cited by the Court for this proposition. Order at 11. Plaintiff contends that the Court relied upon its own finding that plaintiff did not "routinely ma[k]e decisions sufficient to affect Home Depot's policies or to otherwise bind the business in any meaningful way.'" (Pl. Opp. at 7.) But even if the Court had made such a finding without

4

relying on *Cooke*, that too would be contrary to the proper legal standard. The Second Circuit has made clear that it is not necessary for plaintiff to "ma[k]e decisions sufficient to affect Home Depot's policies or to otherwise bind the business in any meaningful way" (Order at 11) to meet the discretion factor. *See Burger King*, 675 F.2d at 521.

Plaintiff repeatedly argues that Home Depot's "sole reliance on Clougher's deposition testimony" is insufficient and that some "objective evidence" is needed to satisfy its burden. (Pl. Opp. at 2-3, 5-6, 10.) He insists that defendant needs to bolster Clougher's admissions with corroborating evidence. (*Id.* at 2, 6, 10.) However, no evidence is more reliable than a party's admission against interest. There is no requirement of "corroboration" by "objective evidence" when a defendant uses a party admission to support summary judgment. *See Medtronic, Inc. v. White*, 526 F.3d 487, 497-98 (9th Cir. 2008) ("admission against interest by [a party] need not be corroborated by independent evidence"). Indeed, summary judgment is often granted based on admissions from a party's deposition. *See, e.g.*, *Tardd v. Brookhaven Nat'l Lab.*, No. 04-CV-3262 (ADS), 2007 WL 1423642, at *5 (E.D.N.Y. May 8, 2007); *Zolondek v. Worldwide Flight Servs., Inc.*, No. 02-CV-2030 (DLI) (LB), 2006 WL 4100886, at *17 (E.D.N.Y. Aug. 28, 2006); *Gilani v. GNOC Corp.*, No. 04-CV-2935 (ILG), 2006 WL 1120602, at *3-4 (E.D.N.Y. Apr. 26, 2006) (granting summary judgment to defendant based on admissions in plaintiff's deposition testimony even though plaintiff's deposition testimony and his affidavit conflicted).

As defendant demonstrated in its initial brief, plaintiff's admissions show that he easily meets the freedom from direct supervision standard. (Def. Br. at 8-9.) Since it is clear that the incorrect legal standard was applied as to this factor, the Court should analyze this factor of the primary duty test under the proper Second Circuit precedent.

IV.  **PLAINTIFF DOES NOT DISPUTE THAT COURTS HAVE NOT EXAMINED THE SIMILARITY OF WORK PERFORMED BY NON-EXEMPT EMPLOYEES WHEN ANALYZING THE SALARY DIFFERENCE FOR THE PRIMARY DUTY TEST**

Reconsideration is also proper because, in addressing the fourth element of the primary duty analysis applicable when a worker alleges that he spent more than 50 percent of his time performing non-exempt tasks, the Court misapplied relevant authority by examining the salary difference between plaintiff and non-exempt workers *and* the similarity of work performed by those employees. (Order at 11-14.)  Notably, plaintiff does not dispute that no court of appeals has ever examined the similarity of work performed by non-exempt employees under this factor. (Pl. Opp. at 7-9.)  Instead, plaintiff contends that the Court's discussion of the overlap in work performed by exempt and non-exempt employees was "not narrowly directed" at the fourth element, but rather that "such overlap would lessen the importance of Plaintiff's role in store performance."[3] (*Id.* at 8.)  Plaintiff contends that such an approach does "nothing more than follow the law" and that whether plaintiff was properly classified as an exempt employee was "one that can be answered by analyzing the overlap between hourly and salaried management positions." (Pl. Opp. at 8-9.)

The approach suggested by plaintiff is *directly contrary to the proper legal standard.* Whether non-exempt employees are able to perform some managerial duties sheds no light on whether plaintiff qualifies for the executive exemption. *Murray v. Stuckey's Inc.*, 939 F.2d 614, 618 (8th Cir. 1991) (irrelevant whether manager delegated some discretionary duties or whether

---

[3]  When deciding whether management is the primary duty of an employee who spends less than 50 percent of his time performing exempt work, courts consider four additional factors:  (1) the relative importance of the employee's exempt duties as compared with other types of duties; (2) the amount of time spent performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employee's salary and the wages paid other employees for the kind of nonexempt work performed by the employee.  *See* 29 C.F.R. § 541.700(a).

6

other employees who reported to the manager were capable of performing part or even all of the manager's duties); *In re Food Lion, Inc.*, 151 F.3d 1029 (table), 1998 WL 322682, at *9 (4th Cir. 1998); *see Baldwin*, 266 F.3d at 1115; *Moore*, 352 F. Supp. 2d at 1276; *Mims v. Starbucks Corp.*, No. H-05-0791, 2007 WL 10369, at *6 (S.D. Tex. Jan. 2, 2007).

V. THE COURT OVERLOOKED THE CLEAR CONTRADICTIONS BETWEEN PLAINTIFF'S DECLARATION AND HIS EARLIER DEPOSITION TESTIMONY

Plaintiff maintains that the Court already rejected striking those portions of plaintiff's declaration that contradict his deposition testimony. (Pl. Opp. at 9.) However, as plaintiff concedes, motions for reconsideration are properly granted when a party can demonstrate that a court overlooked factual matters that would have changed its decision. *Id.* at 4; *see also Tardd*, 2007 WL 1423642, at *2 (court "overlooked" testimony from plaintiff's deposition). This is the situation here. In its opening brief, defendant demonstrated the multiple statements contained in plaintiff's declaration that directly contradict his deposition testimony and that were overlooked by the Court. *See* Def. Br. at 12-18.

Plaintiff does not address these contradictions. Instead, plaintiff simply avers that the discrepancies are "minor." (Pl. Opp. at 10.) Plaintiff's characterization does not withstand scrutiny. During his deposition, Clougher testified that he could not recall how much time he spent on the particular tasks that he was responsible for, because "every day was different." (Clougher dep. at 119.) However, he was able to recall that he spent "maybe an hour a day" reviewing reports, "a couple of hours" on each shift acting as the manager on duty, and that he opened and closed the store several times each week and was often the only manager in the store during those times. (*Id.* at 111-15, 155.) Thus, Clougher's testimony was unambiguous that he performed *more than three hours* of purely managerial duties on a daily basis.

7

Clougher also repeatedly testified during his deposition that even when he was working on the floor alongside non-exempt employees, he was "*always the manager*" and never failed to perform managerial responsibilities:

> Q: At any time when you decided to pitch in to get work done, as you just described, did you ever take your manager's hat off? Do you know what I mean by that?
>
> A: *Did I ever not do my manager's responsibilities?*
>
> Q: Right.
>
> A: *No.*
>
> Q: So at any time you decided, for example, to lead by example by working alongside employees working in your department, you were still acting as the manager, right?
>
> A: *Yeah, I was always the manager.*

(Clougher dep. at 98-99 (emphasis added).) These admissions are critical to the primary duty analysis since, as a matter of law, retail managers who concurrently perform exempt and non-exempt work will not lose the executive exemption. *See* 29 C.F.R. § 541.106(b). In addition, Clougher testified that he was responsible for running the entire store operations as a MASM. (Clougher *Lumhoo* dep. at 40, 42.)[4]

Yet, in his declaration, plaintiff claims that he only spent "approximately only 2 of my 11 hours per day … on managerial duties" and that "[i]n a nutshell, as an MASM I spent most of the day servicing customers rather than managing." (Clougher decl. at ¶¶ 3, 15.) He further stated that there "was no reasonable way" for MASMs to be in charge of the entire store. (*Id.* at ¶ 11.) These statements simply cannot be reconciled with his earlier deposition testimony. Rather than

---

[4] Relevant portions of plaintiff's deposition in the *Lumhoo* matter ("Clougher *Lumhoo* dep.") may be found as an attachment to the Declaration of Joshua Waxman (docket no. 53-3 (ex. 6)).

8

being a "minor discrepanc[y]," plaintiff's declaration directly contradicts his deposition on *the* crucial element in this litigation: plaintiff's primary duty.

Nonetheless, despite these material contradictions, plaintiff contends that none of his deposition testimony "directly contradict[s]" his declaration, because none of the deposition testimony relied on by Home Depot "creates a quantifiable fact" or "establishes that Plaintiff's primary duty was management." (Pl. Opp. at 9.) Plaintiff is incorrect. The statements in his declaration directly conflict with his earlier deposition testimony that he (i) performed exempt duties *more* than 20 percent of his work time, (ii) was constantly multi-tasking by concurrently performing managerial duties, and (iii) was responsible for the entire store.

Plaintiff claims that Home Depot needs to present "objective evidence" to establish his exempt status. However, if plaintiff's deposition admissions are an issue, it is only because he improperly used a declaration to create issues of fact by contradicting deposition admissions. Without plaintiff's contradictory statements, defendant easily meets its burden of showing that management was his primary duty. Because the Second Circuit requires subsequent declaration statements that contradict prior deposition testimony to be stricken, the Court should grant Home Depot's motion for reconsideration. *See Mack*, 814 F.2d at 124.

## VI.     CONCLUSION

Defendant's motion for reconsideration should be granted.

9

Dated: May 17, 2010

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/_____
Joshua B. Waxman (JW 6806)
Joel M. Cohn (*pro hac vice*)
1333 New Hampshire Ave, N.W.
Washington, DC 20036
(202) 887-4000 (telephone)
(202) 887-4288 (fax)

Attorneys for defendant HOME DEPOT U.S.A., INC.

# Certificate of Service

      I hereby certify that on May 17, 2010, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

| | |
|---|---|
| Olimpio Lee Squitieri<br>Squitieri & Fearon, LLP<br>32 East 57th Street, 12th Floor<br>New York, NY 10022 | Neil H. Deutsch, Esq.<br>Kathleen M. Ryder, Esq.<br>DEUTSCH ATKINS, PC<br>25 Main Street, Court Plaza North<br>Suite 104<br>Hackensack, New Jersey  07601 |
| Bennet D. Zurofsky<br>17 Academy Street<br>Suite 1010<br>Newark, NJ 07102 | |

                                                      /s/
                                       Joshua B. Waxman
                                       1333 New Hampshire Ave, N.W.
                                       Washington, DC  20036