UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN CLOUGHER, individually and
on behalf of all persons similarly situated,

                              Plaintiff,

                - against -

HOME DEPOT U.S.A., INC.,

                            Defendant.
-----------------------------------------------------------X

MEMORANDUM & ORDER
06-cv-05474(RRM)(ARL)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 0 3 2010 ★
BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

In connection with this overtime wage dispute, Defendant Home Depot moves for reconsideration of this Court's March 2010 Order denying summary judgment on certain of Home Depot's Affirmative Defenses. (Dkt. No. 66.) For the reasons below, Home Depot's motion is DENIED.

## FACTUAL & PROCEDUARL BACKGROUND

Plaintiff John Clougher commenced this New York Labor Law action seeking overtime wages allegedly denied him by his employer, Home Depot. On January 7, 2009, Home Depot moved for summary judgment, alleging that Clougher's employment duties as a Merchandising Assistant Store Manager ("MASM") were statutorily exempted from overtime wage requirements by New York's "executive exemption." (Dkt. No. 53.) By Order dated March 11, 2010, this Court disagreed, finding that material fact disputes between the parties were sufficient to preclude summary judgment on the matter. (Dkt. No. 65.)

In denying summary judgment, this Court determined that Home Depot failed to demonstrate conclusively that management was Cougher's "primary duty" – a showing necessary for application of the exemption. Specifically, this Court found material factual

disputes concerning each of the four factors of the "primary duty test" set forth under applicable wage law: (1) the relative importance of Clougher's managerial duties, (2) the amount of time spent performing managerial work, (3) his relative freedom from direct supervision, and (4) the relationship between his wages and those of other, non-exempt Home Depot employees. Home Depot now moves for reconsideration of that decision on the grounds that this Court overlooked persuasive legal authority or misapplied controlling precedent in its consideration of the above factors.

## RECONSIDERATION

Reconsideration or reargument is merited if the party can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). Relevant case law further provides that Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court" and may not be used to advance new facts, issues or arguments not previously presented to the Court. *Id.* at 461-62 (citations and quotation marks omitted).

For the reasons below, Home Depot has failed to advance any new controlling decision or factual matter sufficient to alter this Court's prior determination. Home Depot's motion for reconsideration is therefore denied.

# DISCUSSION

## A. This Court Properly Considered Relevant Case Law Regarding the Percentage of Time Spent Performing Managerial Tasks

Home Depot's first argument on reconsideration centers upon the percentage of time Clougher spent performing managerial tasks. Here, Home Depot takes exception to this Court's reliance on *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 912-13 (E.D. La. 2009) (finding that "[n]o circuit courts have found management was a primary duty when the employee spent 80 to 90% of his time performing nonexempt tasks.").[1]

It is undisputed that the percentage of time spent performing managerial duties is but one factor that Courts may consider in addressing the facts of any particular case. *See* 29 C.F.R. § 541.103; 29 C.F.R. § 700(a), (b). Certainly, this Court has no quarrel with the unremarkable proposition that time alone is not dispositive. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1267-68 (11th Cir. 2008). Thus, that Home Depot is able to cull together a scattershot of decisions involving the grant or affirmance of summary judgment in cases where the employee's management responsibilities are presumably constrained to a marginal sliver of the workday is neither surprising nor particularly significant. *See Jones v. Virginia Oil Co., Inc.*, 69 F. App'x 633 (4th Cir. 2003); *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104 (9th Cir. 2001);

---

[1] Although this issue is immaterial, this Court does not agree that Judge Vance's observation was in error. While this Court need not defend *Big Lots's* non-dispositive note that "no circuit court has found management was a primary duty when the employee spent 80 to 90% of his time performing nonexempt tasks," this Court reads that statement to mean merely that where time is relevant – as it undoubtedly is in circumstances where, as here, the other primary duty factors are less than compelling – no court has found management to be a primary duty where, *at trial*, it was established that management tasks occupied no more than twenty percent of an employee's time. *See Morgan*, 551 F.3d at 1269 ("The overwhelming evidence at trial showed Plaintiff store managers spend 80 to 90% of their time performing nonexempt [work]."); *cf. Big Lots*, 604 F. Supp. 2d at 912-15. From that perspective, the statement is accurate. Moreover, the Eleventh Circuit in *Morgan* noted that decisions by other federal courts of appeal that involved a high percentage of non-exempt work did not require a close factual examination of the plaintiff's time estimates because of the strength of other factors. On this basis, the *Morgan* court distinguished those other circuit court decisions as markedly different from the circumstances presented in *Morgan*, which, like *Big Lots*, involved an underlying factual finding at trial that time spent performing managerial tasks was no more than marginal. *See Morgan*, 551 F.3d at 1272 (distinguishing circuit cases, including *Baldwin*, 266 F.3d at 1108-09, 114, and stating "Family Dollar's cases are also distinguishable in that they give less weight to the plaintiff's estimates of time spent performing nonexempt work . . .")).

*Auer v. Robbins*, 65 F.3d 702 (8th Cir. 1995); *Moore v. Tractor Supply Co.*, 352 F. Supp. 2d 1268 (S.D. Fla. 2004).

Moreover, the cases cited by Home Depot are each expressly premised on the overall strength of the remaining "primary duty" test factors, a circumstance altogether lacking here. Accordingly, the respective affirmances of summary judgment did not require the reviewing courts to discount or disbelieve plaintiff's contentions as to the percentage of time spent performing managerial tasks. Indeed, the precise percentage of time – which went largely unexamined in the cases Home Depot cites – was immaterial in light of the totality of the circumstances. That was not the case in *Big Lots* or in *Morgan*. Nor is it the case here.

This Court agrees that even where managerial work is limited to ten or twenty percent of the time, summary judgment for the employer is not *necessarily* precluded. *See Big Lots*, 604 F. Supp. 2d at 913 (recognizing that "time alone . . . is not the sole test, and in situations where the employee does not spend over 50 percent of his time in managerial duties, he might nevertheless have management as his primary duty if the *other* pertinent factors support such a conclusion.") (quoting *Murray v. Stuckey's, Inc.*, 939 F.2d 614, 618 (8th Cir.1991)) (emphasis added). However, this Court soundly rejects Home Depot's apparent implication that such facts *alone* entitle employers to judgment as a matter of law. The Court finds that the marginal percentage of time spent performing managerial work is highly relevant, and raises factual questions in light of the overall weakness of Home Depot's factual showing on summary judgment.

### B. Issues Concerning Clougher's Exercise of Discretion Were Correctly Considered

Home Depot argues that an incorrect legal standard was applied in connection with this Court's discussion of discretionary authority. On this point, Home Depot suggests that the definition of discretionary authority cited by this Court and set forth in *Cooke v. Gen. Dynamics*

4

*Corp.*, 993 F. Supp. 56, 65 (D. Conn. 1997) is inapplicable because (a) the *Cooke* court was concerned principally with the Administrative Exemption to the FLSA, rather than the Executive Exemption, and (b) the *Cooke* definition is somehow contrary to the Second Circuit's discussion in *Donovan v. Burger King Corp.*, 675 F.2d 516, 521 (2d Cir. 1982) (*"Burger King"*), *aff'g Marshall v. Burger King Corp.*, 504 F. Supp. 404 (E.D.N.Y. 1980). Neither objection has merit.

First, it is proper for this Court to look to the Administrative Exemption for clarification and guidance concerning the discretion inquiry required under New York Labor Law. As explained in this Court's March 11, 2010 Order at note 8, application of the Executive Exemption under New York Labor Law differs slightly from the FLSA's formulation. Unlike current FLSA Regulations, New York Labor Law continues to require some consideration as to an employee's ability to exercise discretionary authority. *See* 12 N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.14(c)(4)(i)(d). Given the fact that New York Labor Law does not define the activities that evidence the sufficient exercise of such discretion, and because current FLSA Regulations are likewise silent on the issue, this Court may properly look for guidance within the Secretary of Labor's discussion of discretionary authority, as set forth in the provisions concerning the analogous "Administrative Exemption." *See* 29 C.F.R. 541.200; *cf. Brennan v. Carl Roessler, Inc.*, 361 F. Supp. 229, 232 (D. Conn. 1973) (applying definition of "discretion" to Executive Exemption). For example, in *Brennan*, an Executive Exemption action brought by the Secretary of Labor, the court stated:

> [T]he court finds that the evidence does not support the contention that this position entailed the customary and regular exercise of discretionary powers. As stated in 29 C.F.R. § 541.207, "the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." Moreover, "the term . . . implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to *matters of*

> *significance."* *Although this regulation deals particularly with the administrative exemption, there is no reason to think that this requirement, which is necessary for both exemptions, should be interpreted differently for the executive exemption than for the administrative.*

*Id.* (emphasis added); *see also Breckenridge v. Bristol-Myers Co.*, No. EV 83-34-C, 1987 WL 15468, at *5 (S.D. Ind. Feb. 16, 1987) (finding discretionary powers factor under the old Executive Exemption provisions to be unhelpful: "the fuller explanation provided in Section 541.207 relating to administrative employees [provides guidance, and] should be applied to evaluate whether the plaintiff in this case customarily and regularly exercised discretionary powers, within the meaning of the executive exemption").

Second, the Administrative Exemption's discussion of discretionary authority is not contrary to controlling Second Circuit law. As to this element of the primary duty test, Home Depot cites no controlling legal standard in any circuit. Title 29, section 541.207, of the Code of Federal Regulations sets forth the Secretary of Labor's discussion and non-exhaustive listing of the actions sufficient to demonstrate the exercise of discretion, and are merely non-dispositive guidelines. *See Ahern v. State of N.Y.*, 807 F. Supp. 919 (N.D.N.Y. 1992)). As such, they are useful to courts in assessing a primary duty consideration upon which no controlling law exists. *See, e.g., Breckenridge*, 1987 WL 15468, at *5; *Brennan*, 361 F. Supp. at 232. Thus, Home Depot's assertion that the Administrative Exemption guidelines discussed in *Cooke* are contrary to some controlling Second Circuit formulation is wholly unsupported.

Moreover, *Burger King*, which Home Depot erroneously cites as the controlling Second Circuit standard, simply identifies those duties performed by Burger King's assistant managers sufficient to demonstrate the exercise of discretionary authority. *Burger King*, 521 F.2d at 518. Even assuming, however, that the synthesis of those fact-specific tasks established, by implication, a controlling legal standard, the result would harmonize fully with the Secretary of

Labor's view that discretionary tasks should relate to "matters of significance." Accordingly, the Court sees not tension, but accord between the "exercise of discretion" analysis in *Burger King* and 29 C.F.R. § 541.207.

## C. Issues Concerning Clougher's Compensation Were Correctly Considered

Home Depot's objection to this Court's "salary relationship" analysis is also unavailing. Home Depot's charge that the Court improperly "examined *both* the salary difference between exempt and nonexempt employees *and* the similarity of the work performed by nonexempt employees. . ." (Def.'s Mot. at 9) misconstrues the Court's analysis.

The Court compared Clougher's overall compensation, including salary, bonuses and stock options, with the hourly compensation earned by non-exempt, hourly employees. In light of the totality of the facts and circumstances, this Court concluded that the compensation differential alone was not sufficient to find as a matter of law that Plaintiff is a managerial employee. *See Big Lots*, 604 F. Supp. 2d at 904; *see also McKinney v. United Stor-All Ctrs. LLC*, 656 F. Supp. 2d 114, 125-26 (D.D.C. 2009) (denying summary judgment despite compensation differential, stating that "given the inconclusiveness of the other three factors, as well as the fact that the FLSA exemptions are to be construed narrowly and applied only to those unmistakably within their parameters, the court determines that the salary disparity alone would not preclude a reasonable jury from concluding that [plaintiff's] primary duty was not directly related to the management of the employer's business.") There is no reasonable suggestion that the Court's determination in this regard misapplies or is otherwise violative of controlling law. Instead, Home Depot quarrels with a supplemental consideration as to the allegedly overlapping duties between managerial and non-managerial employees. While this consideration was not dispositive in analyzing Clougher's compensation, or with respect to any other elements of the

7

primary duty test, this Court amply discussed the various ways in which that fact, if proven, would tend to weaken Defendant's position in nearly all respects, further militating against a grant of summary judgment.

## D. Home Depot's Remaining Arguments for Reconsideration Are Unavailing

Finally, the Court has considered Home Depot's remaining arguments for reconsideration and finds them to be without merit. This determination includes, but is not limited to, Home Depot's objection to this Court's review and consideration of Clougher's opposition papers, including his sworn affidavit.

As more fully described in this Court's March 11, 2010 Order, Home Depot's argument for summary judgment relies exclusively upon their singular interpretation and synthesis of Clougher's deposition testimony. Home Depot submitted no other evidence from any other witness in support of its motion, including those further up the Home Depot management chain, such as Clougher's superior store manager or regional manager. Home Depot did not submit any evidence from Clougher's co-MASMs, assistant managers in other departments, or subordinates at the relevant store locations. Indeed, other than to impugn Clougher's testimony and to suggest that his affidavit in opposition is a sham instrument unworthy of consideration, Home Depot – who is in a "superior position to know and produce the most probative facts concerning the nature and amount of work performed" – has made little effort to support its position with objective evidence as to how Clougher actually spent his day. *See Morgan*, 551 F.3d at 1269-70 (quoting *Allen v. Bd. of Pub. Educ. for Bibb Cnty*, 495 F.3d 1306, 1315 (11th Cir. 2007)). In the absence of such evidence, this Court is of the view that sufficient factual issues militate against summary judgment and in favor of a deeper factual inquiry – a view consistent with recent overtime wage cases against national retail chain stores, as exemplified in *Big Lots* and *Morgan*.

## CONCLUSION

For the reasons set forth above, Home Depot's motion for reconsideration is DENIED in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
November 3, 2010

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge